IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

AUG 17 2017

Clerk, U S District Court
District Of Montana
Missoula

| WILLIAM DURBIN and CAROL DURBIN, | CV 16–40–M–DLC |
|---|---|
| Plaintiffs, | ORDER |
| vs. | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Before the Court is Defendant Mountain West Farm Bureau Mutual Insurance Company's ("Mountain West") motion for summary judgment, Plaintiff William Durbin and Carol Durbin's ("Plaintiffs") cross motion for summary judgment, and Plaintiffs' motion to certify motor vehicle liability insurance stacking questions to the Montana Supreme Court. For the reasons explained below, the Court grants Mountain West's motion for summary judgment and denies Plaintiffs' motions.

### BACKGROUND AND PROCEDURAL HISTORY

On July 10, 2014, Plaintiffs sustained personal injuries in a motor vehicle accident. The vehicle was operated by Holly Berner, and owned by AEC, Inc.

Mountain West provided coverage to its insureds, Berner and AEC, Inc., pursuant to Policy No. BPMO4242 (the "Policy"). Plaintiffs filed a civil lawsuit in the Montana Twenty-First Judicial District, *William and Carol Durbin v. Holly Berner and AEC, Inc.*, Cause No. DV 14-112. The parties settled, and as part of that agreement, Mountain West's insureds confessed judgment in the amount of $1,500,000.[1] Mountain West paid the policy limits of $500,000 to Plaintiffs.

Here, Plaintiffs seek a declaration that the Policy's bodily injury liability coverage "stacks," requiring payment of an additional $1,000,000 by Mountain West. In its Counterclaim, Mountain West seeks a declaration that the Policy's liability coverage is limited to $500,000. The parties both move for summary judgment on this legal issue. Plaintiffs also move the Court to certify the issue of stacking of bodily injury liability coverage to the Montana Supreme Court.

## Legal Standard

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where

---

[1] Holly Berner, AEC, Inc. and Mountain West entered into a "Settlement Agreement and Assignment of Claims" on November 9, 2015. (Doc. 3-2.) As part of this agreement, Berner and AEC, Inc. confessed judgment in the amount of $1,500,000, assigned their rights under the Mountain West policy, and Plaintiffs agreed not to execute on any judgment they receive against assets of the Defendants. This agreement further contemplated the filing of the subject action and capped the Plaintiffs' damage recovery at $1,500,000.

the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248. In ruling on a motion for summary judgment, a court must view the evidence "in the light most favorable to the opposing party." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 1863 (quoting *Anderson*, 477 U.S. at 255).

Pursuant to Rule 15 of the Montana Rules of Appellate Procedure, a federal district court in Montana Court may certify questions to the Montana Supreme Court for instruction. *See* Mont. R. App. P. 15(3). "The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir.2003) (quoting *Louie v. United States*, 776 F.2d 819, 824 (9th Cir.1985)). Even where state law is unclear, resorting to the certification process is not obligatory. *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). "If the state's highest appellate court has not decided the question presented, then [a United States

District Court] must predict how the state's highest court would decide the question." *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). In the absence of Montana Supreme Court precedent, a federal district court sitting in Montana may look to decisions from other jurisdictions, other relevant state cases, and secondary sources such as the Restatement to determine how the Montana Supreme Court would resolve the issues. *Eckard Brandes*, 338 F.3d at 1087.

ANALYSIS

I.     **Stacking of Bodily Injury Coverages**

The usual principles of contract interpretation apply in this case. It is well-established in Montana that the "construction and interpretation of a contract is a question of law" for the court to decide. *Corporate Air v. Edwards Jet Center*, 190 P.3d 1111, 1120 (Mont. 2008). When "the language of an agreement is clear and unambiguous, and as a result, susceptible to only one interpretation, the court's duty is to apply the language as written." *Rich v. Ellingson*, 174 P.3d 491, 495 (Mont. 2007). The court is to "'give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.'" *Corporate Air*, 190 P.3d at 1120 (quoting Mont. Code Ann. § 28–3–301). To that end, the court must read the contract as a whole, giving "effect to every part if reasonably practicable, each clause helping to interpret the

other." *K&R Partnership v. City of Whitefish*, 189 P.3d 593, 600 (Mont. 2008) (quoting Mont. Code Ann. § 28–3–202). If the terms of a contract are clear, "the court must determine the intent of the parties from the wording of the contract alone." *Rich*, 174 P.3d at 495.

### A. Limitation of a single claim

First, Mountain West argues that its Policy clearly limits coverage to $500,000 per accident, regardless of the number of autos covered or premiums charged. The Policy defines an "accident" as a "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'" (Doc. 3-1 at 17.) The Policy further states on the Declaration Page that the "Liability – Combined Single Limit" is "$500,000." (Doc. 3-1 at 6.) Thus, Mountain West contends that because the parties agree that only one accident caused the Plaintiffs' injuries, the "combined single limit" of $500,000 for the one accident is the limit Mountain West is obligated to pay under the Policy.

The Court agrees that under general contract interpretation principles, the Policy is unambiguous that the limitation of bodily injury coverage for one accident is $500,000. With respect to liability coverage, the policy states:

### C. Limits of Insurance.

Regardless of the number of covered "autos", "insureds", premiums

paid, claims made or vehicles involved in the "accident", the most we
will pay for the total of all damages . . . resulting from any one
"accident" is the Limit of Insurance for Liability Coverage shown in
the Declarations.

(Doc. 3-1 at 13). There is no dispute that this declaratory action involves only one accident. (Doc. 12 at 2.) Pursuant to Montana law, if a motor vehicle liability policy provides for a limitation of liability, then the anti-stacking statute does not apply. Mont. Code Ann. § 33–23–203(1) (2015). The clear and unambiguous Policy language here limits the total bodily injury coverage per accident to $500,000. Thus, the Court finds that the Policy clearly states that there is a monetary limit for bodily injury coverage per accident, and that the insurer will not allow stacking liability coverage if the incident involves only one accident.

## B. "Insureds" under the Policy

Next, Mountain West claims that the Plaintiffs are not "Insureds" under the Policy. The Policy's "Section II – Liability Coverage" defines an "Insured" as:

1. **Who is An Insured**

    The following are "insureds":

    a. You for any covered "auto",

    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except: . . . ,

    c. Anyone liable for the conduct of an "insured" described above

-6-

> but only to the extent of that liability.

(Doc. 3-1 at 10.) Mountain West contends that the Plaintiffs are not named Insureds, permissive users, or liable for the conduct of an insured. Thus, if they are not "insureds," the Plaintiffs cannot stack coverage here.

United States District Court Judge Brian Morris decided this exact issue in *Hecht v. Mountain West Farm Bureau Mut. Ins. Co.*, CV 15-40-GF-BMM, Doc. 28 (March 3, 2016). In *Hecht*, Judge Morris found that "Montana law allows a claimant to stack multiple insurance coverages only if the claimant can show that he or she qualifies as an "insured" under all of the coverages to be stacked." *Id.* (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 73 P.3d 800, 803 (Mont. 2003)). The Montana Supreme Court in *Lierboe* refused to allow the claimant to stack medical payment coverage provided under two insurance policies because she qualified as an "insured" under only one of the policies. *Id.* Thus, the Court found that Lierboe had no expectation of coverage under the policy as she was not a qualified insured, and that the anti-stacking holding in its previous ruling, *Ruckdaschel v. State Farm Mut. Auto. Ins. Co.*, 948 P.2d 700 (Mont. 1997), did not apply. *Lierboe*, 73 P.3d at 803. Judge Morris also acknowledged that in *Chilberg v. Rose*, 903 P.2d 1377, 1380 (Mont. 1995), the Montana Supreme Court determined that "[the claimant] was a passenger who neither had 'reasonable

expectations' of coverage under the policy nor did he qualify as an insured spouse or family member under more than one policy." *Id.* Consequently, when reviewing Montana case law, Judge Morris found that Hecht failed to qualify as an insured under the Policy and was not entitled to stack the policy liability coverages.

Similarly, in *Morris v. Bishop and Progressive Northwestern Insurance Company*, CV 16-6-BU-SHE, Doc. 64 (November 2, 2016), United States District Court Judge Sam Haddon found that the third-party claimant was not an "insured" under the policy. Judge Haddon determined that under the Progressive policy, the only "insured" was Bishop, who was the named "insured," and that Robinson (who died as a result of the accident and was being represented by his estate) "was not using a vehicle listed as a covered auto under the Policy at the time of the accident, was not a relative of Bishop, and did not incur vicarious liability." *Id.* at 5–6. Judge Haddon also addressed the issue of assignments. He found that even though the plaintiffs were assigned the rights of the first-party claimant pursuant to the underlying stipulated judgment, "[P]laintiffs are persons entitled by law only to seek the benefits of third-party coverage available to Bishop under the Insuring Agreement." *Id.* at 7. Judge Haddon concluded that notwithstanding the assignment, the plaintiffs could not claim status as first-party claimants. *Id.* at 8.

Here, reading the plain language of the Policy, the Plaintiffs are not named in the Policy as "Insured" persons and were not driving the insured vehicle as permissive users at the time of the accident. They are simply third-party claimants entitled to bodily injury coverage in the stated amount of $500,000.

Thus, regardless of Plaintiffs' status, whether they are third-party claimants or assignees stepping into the shoes of the insureds, they are not "Insured" persons under the Policy, and thus are not entitled to stack the bodily injury liability coverage. Consequently, Mountain West's motion for summary judgment is granted.[2]

## C. Equitable Estoppel

To the extent that Plaintiffs argue that Mountain West should be equitably estopped from challenging Durbin's assigned status as an "Insured" under the Policy, that argument is without merit. Mountain West does not challenge the Plaintiffs' assigned status or the validity of the assignment. Mountain West merely contends that as assignees, they are not automatically transformed into "Insured" persons and nowhere in the settlement agreement did Mountain West agree to designate William Durbin or Carol Durbin as an "Insured."

---

[2] The Court need not address the issue of whether Montana Code Annotated § 33–23–203, Montana's anti-stacking statute, applies.

-9-

The Settlement Agreement and Assignment of Claims, states that:

> (c) Defendants hereby assign to Plaintiffs all of their rights arising under and related to Mountain West Farm Bureau Mutual Insurance Company Policy No. BPM04242, and any other policy of insurance held by Defendants, and any excess coverage under such policies, to the extent such policies may provide coverage for the acts and omissions that are the subject of the Civil Cause identified above. This assignment includes any and all claims at law and in equity including, but not limited to, those regarding insurance coverage, procurement or claims handling practices, including, but not limited to, any claims for negligence, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the Montana Unfair Claims Practices Act, and common law bad faith.

(Doc. 3-2 at 4.) The Court finds that the assignment does not specifically designate the Plaintiffs as "Insureds." Therefore, Mountain West is not equitably estopped from making the argument that the Plaintiffs are not Insureds under the Policy.

## II. Certification to the Montana Supreme Court

Pursuant to the Court's analysis above, the question of stacking of bodily injury liability coverage is not appropriate to certify to the Montana Supreme Court. The Court analyzed similar case law and determined the issues through basic contract and statutory interpretation, as did Judges Morris and Haddon in the previously discussed cases. Thus, Plaintiffs' motion to certify is denied.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion for summary judgment (Doc. 16) is GRANTED.

(2) Plaintiffs' cross motion for summary judgment (Doc. 20) is DENIED.

(3) Plaintiffs' motion to certify a question of law to the Montana Supreme Court (Doc. 27) is DENIED.

(4) The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiffs. This case is CLOSED.

DATED this 17th day of August, 2017.

Dana L. Christensen, Chief District Judge
United States District Court